ro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the

Columbia District of Washington D.C.

Alien tort statue Divi
claim Article III

Chief Irako Ja kongari Ex rel
Roman Cicadas Bey

*Plaintiff(s)*
Write the full name of each plaintiff who is filing this complaint.
f the names of all the plaintiffs cannot fit in the space above,
>lease write "see attached" in the space and attach an additional
>age with the full list of names.

arlotte Mecklenburg Hospital
uthority AB/A Atrium Health
Navient Health INC

-v-

*Defendant(s)*
Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
vrite "see attached" in the space and attach an additional page
vith the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:24-cv-01922    JURY DEMAND
Assigned To : Unassigned
Assign. Date : 7/1/2024
Description: Pro se. Gen. Civ. (F-Deck)

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Chief Irako Ja kongari Ex Rel Roman Cicadas Bey |
| Street Address | 3080 |
| City and County | Jackson    Hinds County |
| State and Zip Code | Mississippi    39206 |
| Telephone Number | 312-975-3181 |
| E-mail Address | 19dry81@gmail.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name Charrolte Mecklenburg Hospital Authority

Job or Title *(if known)* Corporation

Street Address 1000 Blythe Blvd

City and County Charlotte, Meckleburg County,

State and Zip Code North Carolina 28203

Telephone Number unkorunn

E-mail Address *(if known)* unknown

Defendant No. 2

Name Atrium Health Navient Health lly

Job or Title *(if known)* Corporation

Street Address 777 Hemlock Street

City and County MACON Bibb County

State and Zip Code Georgia 31203

Telephone Number unknown

E-mail Address *(if known)* unknown

Defendant No. 3

Name Individuals and workers under this corporation connected to events of my wrongful Death

Job or Title *(if known)*

Street Address 777 Hemlock street

City and County Macon Bibb County

State and Zip Code Georgia 31203

Telephone Number unknown

E-mail Address *(if known)* unknown

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## I.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

[ ] Federal question                    [✓] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual *Chief Irako Ja Kongani Ex rel*

The plaintiff, *(name)*  *Roman laBey* Citadines territory

State of *(name)*  *Aruwak Nation* which range from *Florida to California.*

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated

under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual *Charlotte of Mecklenburg*

The defendant, *(name)*  *Hospital Authority* , is a citizen of

the State of *(name)*  *North Carolina* . Or is a citizen of

*(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.   If the defendant is a corporation

The defendant, *(name)* Atrium Health Navient Health IN , is incorporated under

the laws of the State of *(name)* Georgia , and has its

principal place of business in the State of *(name)* North Carolia .

Or is incorporated under the laws of *(foreign nation)* ~~~~~~ ,

and has its principal place of business in *(name)* ~~~~~~ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Damages as may be primitted pursuant to applicable law

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

wrongful death

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

_Belief requested on page 15 of Complaint_

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    July 1, 2024

Chief Trako Ja Kongari EX Rel

Signature of Plaintiff    Roman Cicadas Bey

Printed Name of Plaintiff    A.R.R

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# DISTRICT COURT FOR THE UNITED STATES OF AMERICA
## DISTRICT OF COLUMBIA [Washington, D.C.]

# ALIEN TORT STATUTE CLAIM
## ARTICLE III

Chief Irako Ja Kongari Ex Rel

Roman Cicadas Bey                          Cause No. _____

     Plaintiff,

V.

Charlotte Mecklenburg Hospital Authority

D/B/A Atrium Health ~~Navient~~                   JURY TRIAL DEMANDED

Navient Health, INC, *Individually, and*
MACON, GA ~~under~~ *workers under this*
*corporation connected to*
Defendants, *events that led to*
*wrongful death.*

**COMPLAINT FOR PERSONAL INJURIES, WRONGFUL DEATH**

**AND LOSS OF CONSORTIUN**

    COMES NOW the Plaintiffs above- named, by and through sui juris propria persona of record, and for their causes of action against the Defendants above- named case, and alleges as follows:

## INTRODUCTION

1.    At approximately 11:00 pm on January 1, 2023, I received a phone call from my ex-wife that my son had begun vomiting blood in our home near Ivey, Georgia.

2.  Ex-wife had advised me that she had called the 911/ambulance and the were on the way to hospital around or about 11:15pm.

1

3. Paramedics advised my Ex-wife she could not travel with my other two children so a friend of the family got the children, and the paramedics proceeded to hospital.

4. Upon my Ex-wife arriving at the hospital with my son I lost contact.

5. I began calling multiple County's hospital to figure out where my son was taken.

6. At approximately 12:00am I located the hospital near Macon, Georgia.

7. I begin calling my Ex-wife cell and the hospital phone and around 12:30- 1:00am, I located my child.

8. While speaking with nurse named Alexandria, who sound like an African woman, I explain to her I was very worried and was trying understand what was going on with my child.

9. Alexandria stated I need to calm down, and told me stop calling the hospital so much and slammed the phone in my face.

10. The next nurse I spoke with went by the name Heidi, who sound like a Caucasian, I again started explaining to this nurse my situation as to why I was calling so much, she stated that they were trying to locate a vein to get IV for blood/testing and this nurse starting gaslighting and deflecting from the conversation about my child.

11. I called again and attempted to explain to the hospital staff my child was a royal heir and they attempted to intimidate me with hospital police so I requested to speak with a supervisor.

12. They called the hospital police on me again and mad up a lie about me threatening them.

13. I went back and forward with staff supervisor until hospital police insured me, they would go check up on my son, and then call me back.

14. Around or about 2am I received one call, that call was from hospital police stating my son had an active IV and was getting the proper treatment from the hospital staff.

15. I felt a sleep because I was extremely fatigue after traveling all day.

16. I received multiple missed phone calls from my Ex-wife after wakening up from falling asleep.

2

17. Ex-wife Dannett stated that the hospital was not helping our son and that my son was just lying there on the medical bed.

18. From 12:00am through 5:00am the Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia continued to mislead me on answer about my son declining health condition.

19. The more I called the hospital to inform of my son's bloodline, the continued to call the police on me, hang up me and not allow me to call my Ex-wife who was not making the best decisions for our son.

20. I was extremely hurt, when my Ex-wife said my son was turning colors and losing more blood.

21. Hospital would not disclose what doctors were treating my son, and I continued ask.

22. Around or about 6 -9am, hospital compiled my Ex-wife sign a medical form and did not even attempt to inform me until my son stop breathing.

23. Due to hospital lack of due care, my son had an allegoric reaction to hospital blood transfusion.

24. After my son stopped breathing, I begin to received back-to-back phone calls from the hospital police and staff.

25. They informed me that I need to be calm, they were preforming CPR, this was around or about 9:10-10:30am.

26. Allegedly he started breathing again after receiving CPR, and this was shortly after Loyal received the bad blood.

27. At approximately 12:00 pm after the 2nd procedure on January 2, 2023 my youngest son was pronounced died.

28. Plaintiff, Loyal Young, is the only victim who loss his life.

**PARTIES**

29. Plaintiffs, Chief Trako JA Kongari Ex Rel Roman Cicadas Bey , are adult and youth individuals and residents of the State of Georgia, Mississippi, residing at 3080 J.R. Lynch Street Jackson , MS 39206 .

3

30. Plaintiffs brings this lawsuit on behalf of their younger brother, his son, as well as individually in his own right.

31. Loyal is the most recent born of the Pre-historic Prince of Wales blood-lineage, whom his father was preparing to pass down his legacy and business.

32. Loyal was a loving child who unfortunately loss his due to hospital error.

33. Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia a/k/a Navient  Health, INC is a corporation organized and existing under laws of the United States of America with its principal place of business located at 1000 Blythe Blvd Charlotte, NC 28203 United States.

34. At all times relevant hereto, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia, by and through its hospital interests, has carried out, and continues to carry out, substantial, continuous, and systematic business activities within the State of Georgia, and has purposely established significant contacts within Georgia.

35. At all times relevant hereto, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia staff was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia.

36. The injuries and damages alleged in this lawsuit arise out of, and are related to, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia contacts and activities in the State of Georgia.

37. Defendant, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia, is a corporation or other legal entity existing under the laws of the State of Georgia, with its principal place of business located at 777 Hemlock St, Macon, GA 31201 United States.

38. At all times relevant hereto, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia, by and through its hospital interests, has carried out, and continues to carry out, substantial, continuous, and systematic business activities within the state of Georgia, and has purposely established significant contacts within Georgia.

39. At all times relevant hereto, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia was acting by and through its employees, servants,

4

agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia.

40. The injuries and damages alleged in this lawsuit arise out of, and are related to, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's contacts and activities in the State of Georgia.

41. At all times relevant hereto, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia was the owner, operator, maintainer, possessor, lessor, controller and/or otherwise responsible for the care, control, and safety and emergency patients involved in the wrongful death.

42. Upon information and belief, at all times relevant hereto, Defendant Navient  Health, INC was the owner, operator, maintainer, possessor, lessor, controller and/or otherwise responsible for the care and control of the hospital where the wrongful death occurred near Macon, Georgia and on which staff at the time it was caused the wrongful death.

## **JURISDICTION AND VENUE**

43. This Court has specific jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds the jurisdictional threshold, exclusive of costs, is between citizens of different states, and because the Defendants each have certain minimum contacts with the State of Georgia such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice, and because the injuries and damages alleged herein arise out of, and are related to, Defendants' contacts and activities in the State of Georgia.

44. Loyal and his mother were taken to nearest hospital facility to Defendant's hospital, which was in a different county, thereby entering into a business transaction with Navient Health, INC in Georgia.

45. Loyal and his mother arrived at a hospital in Macon, Georgia, relying on Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia staff assurance that plaintiff son would be properly cared for while at hospital.

46. Atrium Health Navient , Macon, Georgia employed workers and personnel at the hospital in Macon, Georgia to safely treat patients, including Loyal.

47. Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia contacts and activities in the State of Georgia, and specifically in Macon, Georgia, directly gave rise to the injuries and damages suffered by Loyal and his

5

Indigenous Klan, as alleged herein, as Loyal and my Ex-wife received services in Macon, Georgia and this Court thus has specific personal jurisdiction over Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia in this action.

48. Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's contacts and activities in the State of Georgia, and specifically in Macon, Georgia, directly gave rise to the injuries and damages suffered by Plaintiff and deceased son, as alleged herein, as Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia owns the hospital in Macon, Georgia in which loyal was to be treated, and Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia also operates the medical service in multiple counties utilizing its own crews, personnel, and employees and this Court thus has specific personal jurisdiction over Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia in this action.

49. Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's own Network of hospitals confirms that Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia owns the multiple regional locations it operates, originating in North Carolina throughout Georgia:

50. DefendantCharlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's ownership and operation of the hospitals originating in Macon that operated on loyal.

51. Atrium Health Navient , Macon, Georgia runs through chain of hospitals owned, operated, and controlled by Navient  Health, INC.

52. Atrium Health Navient , Macon, Georgia entered into a joint venture wherebyCharlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia was permitted to operate and run along Navient  Health, INC's other partner companies.

53. Atrium Health Navient , Macon, Georgia and Navient  Health, INC formed this joint venture with the common purpose of profiting from cross-country medical, including from Loyal and Plaintiffs.

54. Atrium Health Navient , Macon, Georgia and Navient  Health, INC share in the profits and losses of this joint venture.

6

55. Atrium Health Navient , Macon, Georgia and Navient  Health, INC jointly manage and control this joint venture, namely the major hospitals.

56. Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia and Navient  Health, INC, jointly and individually, are subject to personal jurisdiction in Georgia, as Defendants have substantial business contacts with Georgia, their joint venture has substantial business contacts with Georgia, and Plaintiff's claims, in part, arise directly from Defendants' joint venture contacts in Georgia.

57. There is thus specific personal jurisdiction over Defendants Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia and Navient  Health, INC pursuant to Georgia' long arm statute, 9-10-91.

58. Venue is proper in the United States District Court for the Middle District of Georgia (Macon Division) pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the acts, omissions, and events giving rise to Plaintiff's claim occurred in and around this district.

## THE CATASTROPHIC WRONGFUL DEATH OF LOYAL

59. On January 1, 2023, Loyal boarded Ambulance in Ivey, Georgia and set out on what was supposed to be a temporary journey to the American Hospital in Macon, Georgia.

60. Atrium Health Navient , Macon, Georgia insured me my youngest son was in good hands and try to relax."

61. Loyal put his life in Defendants' hands as he seek medical help.

62. Upon information and belief, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia owned, managed, maintained, and operated by the hospital staff in which the plaintiff son traveled to from the inception of his trip in Ivey, Georgia until his destination of Macon, Georgia.

63. On the day of the hospital trip, January 1, 2023, at approximately 11:50 p.m., the ambulance approached the Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia Emergency entrance near Macon, Georgia.

64. Upon information and belief, approximately 40 minutes prior to the plaintiff son arriving and traveling to hospital, a member of staff spoke with me about loyal situation.

65. Roman was still frantically calling the hospital for updates on loyal condition responders kept transforming me to hospital police, who attempted to intimidate me, then staff informed me my son had stopped breathing, and shortly after going into the afternoon

7

they told me my son had died in surgery. I then received multiple calls from the hospital and rushed off the road back home.

66. This tragedy and the immense destruction, loss of life, and suffering inflicted on Plaintiff, his children, and many others, should have never happened.

67. The investigation of this tragedy has concluded, however, upon information and belief, as a result of a dereliction of duty and/or poorly trained hospital staff and/or negligent and improper hospital/inspections of patients and/or negligent, grossly negligent, and/or reckless medical care, and/or inadequate, ill given duty of care, malpractice of the Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia.

68. Furthermore, this tragedy occurred due to the systematic failures of Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia staff to have an adequate culture in place to ensure safety on its infant patients.

69. As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia and Navient  Health, INC carelessness, negligence, gross negligence, recklessness and other liability-producing conduct, Loyal Young suffered serious, severe, and disabling injuries including, but not limited to his death resulting from excruciating wait in the emergency room, bad blood transfusion ; mental and emotional pain and suffering and fear of impending death; unbearable and unimaginable physical pain and suffering; a permanent loss of enjoyment of life and a permanent loss of life's pleasures; loss of earnings and earning capacity and he has been permanently prevented from performing all of his usual duties, occupations, recreational activities and avocations, all to his and his beneficiaries' loss and detriment.

70. As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's and Navient  Health, INC's carelessness, negligence, gross negligence, recklessness and other liability-producing conduct, which resulted in the death of Loyal Young, his beneficiaries have suffered damages due to mental pain, anguish, grief, and the loss of future support and services.

71. As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's and Navient  Health, INC's carelessness, negligence, gross negligence, recklessness and other liability-producing conduct, decedent Loyal Young's beneficiaries have incurred or have been caused to incur and pay large and various expenses for various funeral, burial and estate administration expenses for which Plaintiff is entitled to compensation.

72. As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's and Navient  Health, INC's carelessness, negligence, gross negligence, recklessness and other liability-producing conduct, Plaintiff

8

claims all damages suffered by the Estate of Loyal Young by reason of his death, including, without limiting the generality thereof, the following: the severe injuries to Loyal , which resulted in his death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Loyal suffered prior to his death; the loss of future earning capacity suffered by Loyal from the date of his death until the time in the future that he would have lived had he not died as a result of the injuries he sustained; and the loss and total limitation and deprivation of his normal activities, pursuits and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained by reason of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of Defendants Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia and/or Navient Health, INC.

73. As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's and Navient Health, INC's carelessness, negligence, gross negligence, recklessness and other liability-producing conduct, Plaintiff has been forced to suffer profound grief and emotional and psychological injuries as a result of the death of his son, Loyal Young.

74. As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's and Navient Health, INC's carelessness, negligence, gross negligence, recklessness and other liability-producing conduct, Plaintiffs, Roman Bey- two anonymous serving siblings- Ian Young, suffered serious, severe general anxiety including but not limited to, and strains, and psychological injuries, the full extent of which has yet to be determined. Plaintiff has in the past and may in the future require medicines, medical care and therapy ; he has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and therapy; he has in the past and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past and may in the future continue to have general anxiety from performing his usual duties, occupations and avocations, all to his great loss and detriment.

   a.   .  As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's and Navient Health, INC's carelessness, negligence, gross negligence, recklessness and other liability producing conduct, Plaintiff, Roman Bey, and children has in the past required, continues to require, and may in the future require medical therapy and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical are, hospitalizations, therapy, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his condition(s).

9

b. As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's and Navient Health, INC's carelessness, negligence, gross negligence, recklessness and other liability producing conduct, Plaintiff, Roman Bey, has in the past and continues to suffer pain, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia's and Navient Health, INC's carelessness, negligence, gross negligence, recklessness and other liability producing conduct, Plaintiff, Roman Bey and children, has been prevented and will be prevented in the future from performing their usual duties, activities, occupations and avocations and has suffered a loss of earnings.

d. Severe emotional distress as a result of being on phone with the hospital and witnessing my son take his last breath, and tragedy of his wrongful death.

75. The injuries and damages suffered and claimed by Plaintiff, individually and as the personal representative of the Estate of Loyal Young, were caused solely by the acts of Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia and/or Defendant Navient Health, INC, jointly and/or individually and/or through their joint and individual agents, servants, workmen and/or employees as set forth herein, and not through any act or omission on Plaintiff's part.

76. Defendants Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia and Navient Health, INC are jointly and severally liable for the injuries and damages suffered by Plaintiff, Plaintiff Children and the Estate of Loyal Young.

## CLAIMS ALLEGED

## COUNT I – NEGLIGENCE

**PLAINTIFF, ROMAN BEY, Individually and as personal representative of the ESTATE OF LOYAL YOUNG v. Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia a/k/a Navient Health, INC**

77. All preceding paragraphs of this Complaint are incorporated herein by reference the same as though fully set forth herein.

10

78. Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia was the owner, operator, maintainer, possessor, lessor, controller and/or otherwise responsible for the care, control, and operation of the hospital involved in this accident.

79. As the owner and operator of Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia, Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia had a duty to ensure that the staff operated safely, carefully, and competently and in such a way to not endanger its patients and had a duty to hire, train and/or retain competent personnel to operate its hospital, including the hospital unit involved in this wrongful death.

80. Atrium Health Navient , Macon, Georgia had a duty to ensure that all hospital medical professionals in which its hospitals employed were in completely trained and educated on emergency protocol and would not pose a danger or hazard to the patients in Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia, especially in the Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia where multiple deaths had occurred previously in Georgia at the exact same hospital organization.

81. Atrium Health Navient , Macon, Georgia had a duty to ensure that Loyal was adequately provided optimum amount of care and that they could protect Loyal in the event of this emergency.

82. Atrium Health Navient , Macon, Georgia owed baby Loyal, including Plaintiff and siblings, the highest duty of care under the law to ensure their safety during his emergency visit.

83. Atrium Health Navient , Macon, Georgia had a duty to ensure that all it's staff operated under the highest standard of care in order to prevent the wrongful death and to enact policies and procedures designed to ensure that emergency protocol was maintained.

84. Atrium Health Navient , Macon, Georgia had a duty to monitor Loyal conditions at the hospital he was having his emergency.

85. Atrium Health Navient , Macon, Georgia had a duty to prevent Loyal safety from becoming jeopardized, including the staff that worked the night shift, Loyal was not treated properly and this was confirmed through the multiple calls I received from my Ex-wife the night of my son's death.

86. The operating staff of Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia had a duty to observe the condition of Loyal which they were operating

11

on the night of his death, including the duty to observe and respond appropriately to Loyal, and to ensure that he did not receive improper care.

87. The Multiple wrongful deaths at the Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia was caused under the same questionable circumstances.

88. Plaintiff, Loyal Young, and other patients who visited Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia trusted Staff with their lives as they waited to receive the highest level of care with no ability to control the operation themselves or prevent these catastrophic wrongful deaths.

89. Defendant Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia breached these duties and as a result, caused this wrongful death and the injuries and damages alleged herein.

90. Atrium Health Navient , Macon, Georgia, by and through its employees and/or agents, caused the injuries and damages sustained by Plaintiff and acted carelessly, negligently, grossly negligently, recklessly, and outrageously through the following actions and/or inactions:

**WHEREFORE**, Plaintiff demands judgment against Defendant, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs, and administrative' fees, and all other relief that this Court deems just and appropriate.

**CLAIMS ALLEGED**

**COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**PLAINTIFF, ROMAN BEY v. Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia a/k/a Navient Health, INC**

91. All preceding paragraphs of this Complaint are incorporated herein by reference the same as though fully set forth herein.

12

92. At all times relevant hereto, Plaintiff, Roman Bey, was the father of baby Loyal and was emotionally, and psychologically injured in hearing the announcement of Loyal wrongful death.

93. At all times relevant hereto, Plaintiff, Roman Bey, was the lawful father of Loyal Young, who was a patient in the Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia and who tragically lost his life in the hospital.

94. When the wrongful death occurred, not only did Plaintiff sustain emotional, and psychological injuries as a result of learning of son's death, but he was intimidated by the hospital police and forced to contemporaneously observe Defendants' negligence, gross negligence, carelessness, and/or recklessness, as described herein, catastrophically injure, and kill his son, Loyal Young.

95. It was foreseeable to Defendants that their negligence, gross negligence, carelessness, and/or recklessness would result in severe emotional and psychological trauma and distress to Plaintiff, who witness the on-purpose neglect to his son by Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia, as well as by virtue of his relationship to Loyal Young.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs, and administrative' fees, and all other relief that this Court deems just and appropriate.

**CLAIMS ALLEGED**

**COUNT III – WRONGFUL DEATH**

**PLAINTIFF, ROMAN BEY, Individually and as personal representative of the ESTATE OF LOYAL YOUNG v. Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia a/k/a Navient   Health, INC**

96. All preceding paragraphs of this Complaint are incorporated herein by reference the same as though fully set forth herein.

97. As a direct and proximate result of Defendants' negligence, gross negligence, carelessness, recklessness, and/or other liability producing conduct, Loyal Young tragically lost his life in the hospital.

13

98. Loyal is survived by his father, Plaintiff, Roman Bey, and by his sibling.

99. Plaintiff brings this claim pursuant to the Georgia Wrongful Death Act, O.C.G.A. 51-4-2. and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

100. By reason of the death of Loyal Young, caused by the aforementioned negligence, gross negligence, carelessness, and/or recklessness of Defendants, his beneficiaries have in the past and will in the future continue to suffer great pecuniary and intangible losses, including but not limited to, loss of financial and emotional support, loss of aid, loss of services, loss of companionship, loss of consortium and comfort, loss of counseling and loss of guidance and tutelage.

101. By reason of the death of Loyal Young, caused by the aforementioned negligence, gross negligence, carelessness, and/or recklessness of Defendants, his beneficiaries have in the past and will in the future continue to suffer unfathomable grief and emotional and psychological pain.

102. By reason of the death of Loyal Young, caused by the aforementioned negligence, gross negligence, carelessness, and/or recklessness of Defendants. His beneficiaries have incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and medicine rendered to decedent until the time of his death and to incur various funeral, burial, and estate and administration expenses for which Plaintiff is entitled to compensation.

103. In the alternative, to the extent a Court were to determine that Montana law were to apply to the damages in this litigation, Plaintiff asserts the damages recoverable in accordance with O.C.G.A. § 51-12-13, 51-4-5(B), 19-7-1 and brings this action to recover the same.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs, and administrative' fees, and all other relief that this Court deems just and appropriate.

<u>**CLAIMS ALLEGED**</u>

14

## COUNT V – SURVIVAL ACTION

**PLAINTIFF, ROMAN BEY, Individually and as personal representative of the ESTATE OF LOYAL YOUNG v. Charlotte Mecklenburg Hospital D/B/A Atrium Health Navient , Macon, Georgia a/k/a Navient   Health, INC**

104. All preceding paragraphs of this Complaint are incorporated herein by reference the same as though fully set forth herein.

105. Plaintiff brings this claim pursuant to the Georgia Survival Act, and other relevant laws.

106. Plaintiff claims on behalf of the Estate of Loyal Young all damages suffered by Loyal prior to his death and by his Estate by reason of his death, including but not limited to the severe and devastating injuries suffered by Loyal which resulted in his death, the anxiety, horror, fear of impending death, mental disturbance, pain, suffering, and other intangible losses which Loyal suffered prior to his death.

107. Plaintiff brings this Survival Action claim on behalf of the Estate of Loyal Young and claims all benefits and damages recoverable under the Georgia Survival Act.

108. In the alternative, to the extent a Court were to determine that Georgia law were to apply to the damages in this litigation, Plaintiff asserts the damages recoverable in accordance with § and brings this action to recover the same.

*All relief afforded to me under Natural law Relief for the wrongful death of my one year old Son.*

Dated: July 1, 2024                          Respectfully Submitted,

*Chief Laykee Ja Kanyan; Ex Rel . Roman Cuachy Bey*

15