# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **IRAKO JA KONGARI,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CHARLOTTE MECKLENBURG HOSPITAL AUTHORITY,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:24-cv-00464-TES** |

## ORDER TO RECAST COMPLAINT

Plaintiff Irako Kongari filed this action in the United States District Court for the District of Columbia. [Doc. 1].[1] Upon a review of the Complaint [Doc. 1], the District of Columbia transferred the case to this Court, finding that "all of the alleged tortious acts occurred in Georgia and the defendants are located in Georgia and North Carolina." [Doc. 5, p. 1]. Plaintiff also filed—and the District of Columbia transferred—a Motion for Leave to Proceed *In Forma Pauperis* [Doc. 4].[2]

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

---

[1] Plaintiff filed the exact same action over a year ago in this Court. The Court dismissed that action without prejudice due to Plaintiff's failure to follow the Court's instructions. *See* Order, *Bey v. Charlotte Mecklenburg Hospital Auth.*, 5:23-cv-00421-TES (M.D. Ga. Dec. 4, 2023), ECF No. 5.

[2] Plaintiff filed two IFP motions, but the Court only reviewed the latest Motion. *See* [Doc. 2]; [Doc. 4].

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[3] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307. After review of Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 4] or, stated differently, grants him IFP status.

Since Plaintiff is proceeding *in forma paurperis*, 28 U.S.C. § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[4] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack

---

[3] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[4] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.*

"To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.* Complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

Here, Plaintiff[5] purports to bring a diversity action against several Defendants claiming wrongful death of his son. [Doc. 1]. More specifically, Plaintiff contends that his son, Loyal, began vomiting blood in "our" home in Ivey, Georgia, leading to Loyal's transport via ambulance to Atrium Health Navient in Macon, Georgia. [*Id.* at ¶¶ 1–18].

---

[5] Throughout the Complaint, Plaintiff refers to his son's estate and claims he brings on its behalf. However, non-lawyers may not bring claims on behalf of estates pro se. *See, e.g., Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012). Therefore, to the extent Plaintiff intends to bring claims on the estate's behalf, those claims must be filed by an attorney. *Cf. Iriele v. Griffin*, 65 F.4th 1280, 1285 (11th Cir. 2023).

Further, Plaintiff contends he is bringing some claims on behalf of his other sons—*i.e.*, siblings of the decedent. But, Georgia law generally does not allow siblings to recover in wrongful death actions. *Walden v. John D. Archbold Mem'l Hosp., Inc.*, 398 S.E.2d 271, 273 (Ga. Ct. App. 1990).

Plaintiff alleges that due to the hospital's "lack of care, [his] son had an allegoric [sic] reaction to hospital blood transfusion [sic]." [*Id.* at ¶ 23]. Eventually, Plaintiff's son died. [*Id.* at ¶ 27]. Plaintiff's Complaint references two nurses that he spoke to on the phone regarding his son's care—Alexandria and Heidi. [*Id.* at ¶¶ 8, 10]. However, those are the only individuals Plaintiff actually refers to throughout his allegations. Indeed, the entire Complaint is replete with conclusory statements unsupported by factual allegations of exactly *who* did *what* to cause his son's death.

Even more, based on Plaintiff's Complaint, the Court's jurisdiction is not clear.[6] Plaintiff purports to invoke the Court's diversity jurisdiction.[7] *See* [Doc. 1, p. 3]. However, the Complaint does not clearly allege that all Defendants are diverse from Plaintiff. Sure, Plaintiff lists his address on the Court's form as Jackson, Mississippi. [*Id.* at p. 1]. But, the factual allegations of his Complaint avers that his son began "vomiting blood in ***our*** home near Ivey, ***Georgia***." [*Id.* at p. 6 (emphasis added)]. Further, Plaintiff's Complaint only alleges that he is a "resident" of Mississippi. [*Id.* at p. 8]. That doesn't answer the relevant citizenship question for diversity purposes. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact

---

[6] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte . . .").

[7] Diversity jurisdiction "exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).

that must be alleged in the complaint to establish diversity for a natural person.").[8]

Additionally, the amount in controversy is not clear from the face of the Complaint. Indeed, Plaintiff does not assert any specific amount of damages. *See* [Doc. 1, pp. 4, 20]. As the Plaintiff, he is responsible for properly alleging the amount in controversy. *See Schlesinger v. Councilman*, 420 U.S. 738, 744 n.9 (1975) ("[A] complaint under § 1331 is fatally defective unless it contains a proper allegation of the amount in controversy[.]").

With all of this in mind, the Court deems Plaintiff's Complaint insufficient for a proper § 1915(e) screening. The Court notes that Federal Rule of Civil Procedure 8 does not require the use of formal language or legalese or require a party (let alone a non-attorney, pro se party) to cite any specific statute or case law to state a claim. Fed. R. Civ. P. 8. But, a pro se plaintiff is required to conform to the Federal Rules of Civil Procedure. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) ("And although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'"). That includes Rule 8's command that for a pleading to state a claim for relief, it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[8] Interestingly, Plaintiff also filed other actions in the District of Columbia on the same day as this action which he alleged he "resides in Georgia." Complaint at 1, *Kongari v. Evans*, 1:24-cv-01921-UNA (D.D.C. July 1, 2024), ECF No. 1.

Accordingly, the Court **ORDERS** Plaintiff to **RECAST** his Complaint to include factual allegations to support each of his claims, as well as the Court's jurisdiction. To aid in his drafting, the Court trusts that answers to the following questions may provide some guidance. When recasting his statement of claims, Plaintiff must clearly identify those individuals he wishes to include as named defendants (by name, position, if possible, and where the individual is employed) and then, under each name, list numbered responses to the following:

(1) What did this defendant do (or not do) to violate your rights?

(2) When and where did each action occur (to the extent memory allows)?

(3) How were you injured as a result of this defendant's actions or decisions?

(4) What relief do you seek as to this defendant?

There shall be *no service of process* in this case until the Court receives Plaintiff's recast complaint and fully conducts the required frivolity review. Lastly, the Court notes that a recast complaint takes the place of and supersedes the original complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against his adversary."). Thus, the Court will look *only* to the contents of Plaintiff's recast complaint when reviewing his claims pursuant to 28 U.S.C. § 1915(e). To ensure a clear record, any documents filed along with Plaintiff's original Complaint (other than his

IFP Motion) must be refiled with his recast complaint.

**Plaintiff's recast complaint must be filed by December 30, 2024.** <u>Failure to fully and timely comply with this order will result in the dismissal of Plaintiff's case without further warning from the Court.</u> *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 13th day of December, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**