# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **IRAKO JA KONGARI,**  *Plaintiff*,  v.  **CHARLOTTE MECKLENBURG HOSPITAL AUTHORITY,** *et al.*,  *Defendants.* | **CIVIL ACTION NO.**  **5:24-cv-00464-TES** |

## ORDER DISMISSING CASE

Plaintiff Irako Kongari filed this action in the United States District Court for the District of Columbia. [Doc. 1].[1] Upon a review of the Complaint [Doc. 1], the District of Columbia transferred the case to this Court, finding that "all of the alleged tortious acts occurred in Georgia and the defendants are located in Georgia and North Carolina." [Doc. 5, p. 1]. Plaintiff also filed—and the District of Columbia transferred—a Motion for Leave to Proceed *In Forma Pauperis* [Doc. 4]. The Court granted Plaintiff's IFP Motion but directed him to recast his Complaint to allow the Court to complete the required frivolity review and ordered him to explain the basis for the Court's subject-

---

[1] Plaintiff filed the exact same action over a year ago in this Court. The Court dismissed that action without prejudice due to Plaintiff's failure to follow the Court's instructions. *See* Order, *Bey v. Charlotte Mecklenburg Hospital Auth.*, 5:23-cv-00421-TES (M.D. Ga. Dec. 4, 2023), ECF No. 5.

matter jurisdiction. *See generally* [Doc. 7].

The Court clearly directed that "**Plaintiff's recast complaint must be filed by December 30, 2024.** <u>Failure to fully and timely comply with this order will result in the dismissal of Plaintiff's case without further warning from the Court.</u>" [Doc. 7, p. 8]. Plaintiff did not heed the Court's warnings and failed to file a recast pleading or otherwise respond. Therefore, the Court **DISMISSES** Plaintiff's action **with prejudice**.[2] *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 2nd day of January, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court notes that Plaintiff's prior case was dismissed for his failure to prosecute and follow the Court's instructions. Accordingly, the Court finds that Plaintiff exhibited a pattern of willful disregard of the Court's rules and orders, and no other sanctions are likely to invoke Plaintiff's compliance. Therefore, dismissal with prejudice is appropriate. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).